**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ELBERT LEE VAUGHT, | ) | NO. SA CV 14-43-DOC(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| WARDEN PARAMO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" on January 13, 2014.  The Petition challenges the criminal judgment in Orange County Superior Court case No. 96-HFO-215 (Petition at 2).  Petitioner previously challenged this same judgment in a prior habeas corpus petition filed in this Court.  See Vaught v. Gomez, SA CV 99-284-GLT(E).  On May 28, 1999, this Court entered judgment in Vaught v. Gomez, SA CV 99-284-GLT(E), denying and dismissing the prior petition with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

1  Effective Death Penalty Act of 1996"). Section 2244(b) requires that

2  a petitioner seeking to file a "second or successive" habeas petition

3  first obtain authorization from the court of appeals. See Burton v.

4  Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive

5  authorization from Court of Appeal before filing second or successive

6  petition, "the District Court was without jurisdiction to entertain

7  [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.

8  2000) ("the prior-appellate-review mechanism set forth in § 2244(b)

9  requires the permission of the court of appeals before 'a second or

10 successive habeas application under § 2254' may be commenced"). A

11 petition need not be repetitive to be "second or successive," within

12 the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v.

13 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965

14 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar.

15 6, 2008). Petitioner evidently has not yet obtained authorization

16 from the Ninth Circuit Court of Appeals. Consequently, this Court

17 cannot entertain the present Petition. See Burton v. Stewart, 549

18 U.S. at 157.[1]

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25

26 _____

      [1]    This Court rebuffed two previous attempts by Petitioner
27 to bring a "second or successive" habeas petition challenging the
   judgment in Orange County case No. 96-HFO-215. See Vaught v.
28 Warden, SA CV 00-1262-DOC(E); Vaught v. Allison, SA CV 11-833-
   DOC(E).

1    For all of the foregoing reasons, the Petition is denied and

2 dismissed without prejudice.

3

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6    DATED:  January 15, 2014

7

8
                                    *David O. Carter*
9    _____
                        DAVID O. CARTER
10                  UNITED STATES DISTRICT JUDGE

11

12

13

14 PRESENTED this 14th day of

15 January, 2014, by:

16

17 _____/S/_____
                CHARLES F. EICK
18 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

3